UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

    Plaintiff,

v.                                        Case No. 24-cv-0955-bhl

CAPT. CRASPER, et al.,

    Defendants.

## DECISION AND ORDER

      Plaintiff Charles Sheppard is representing himself in this 42 U.S.C. §1983 case. On September 16, 2024, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave Sheppard the opportunity to file an amended complaint by October 16, 2024. The Court advised Sheppard that an amended complaint would replace the original complaint and must be complete in itself without reference to the original complaint. The Court warned Sheppard that if it did not receive an amended complaint by the deadline, the Court would dismiss this case based on his failure to state a claim in the original complaint. The Court enclosed an amended complaint form along with the decision, as Civil L. R. 9(b) requires prisoners appearing pro se who bring a §1983 action to use the Court's form.

      The deadline passed, and Sheppard did not file an amended complaint, so on October 25, 2024, more than a week after the deadline, the Court dismissed this action based on Sheppard's failure to state a claim in the original complaint. Later that day, the Court received a filing from Sheppard labeled "amended complaint." Dkt. No. 12. On November 4, 2024, Sheppard filed a

motion for reconsideration of the dismissal. Dkt. No. 13. For the reasons explained below, the Court will deny the motion.

Sheppard explains that he "SENT THE EASTERN DISTRICT AN AMENDED COMPLAINT BEFORE THE DEADLINE." Dkt. No. 13 (emphasis in original). But he does not state when he deposited his amended complaint in the prison mailbox with the correct postage, nor does he certify under penalty of perjury that he sent it before the deadline, so he is not entitled to the benefit of the "mailbox rule." *See Edwards v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2021).

Further, it would be futile to grant Sheppard's motion for reconsideration because, even if he had provided evidence that he timely submitted the amended complaint, the Court's review of his latest filing confirms that it remains deficient. To begin, it does not satisfy the requirements of Fed. R. Civ. P. 8(a), which requires the pleading to include "a demand for the relief sought." Nor is it clear who Sheppard wants to sue. The caption names only "Captain Crasper, et al." and the body of the amended complaint contains no section identifying the parties. Sheppard mentions many individuals, and it is not clear who he wants to sue and who he references only to provide context. Sheppard also did not use the amended complaint form the Court provided along with the screening order, as required by Civil L. R. 9(b). If he had done so, he would have been prompted to identify each defendant and include a demand for relief. Finally, the proposed amended complaint reads more like a response to the Court's screening order rather than a standalone pleading. *See* Dkt. No. 12 at 2 ("Now I must explain to the courts . . ."). It is not clear why Sheppard, who is an experienced litigant, chose to disregard the Court's instructions regarding the preparation and submission of an amended complaint, but that choice has consequences. Sheppard was required to follow the Federal Rules of Civil Procedure and this district's local rules,

and the Court will not excuse him from complying with his responsibilities as a litigant. *See Pearle Vision, Incl. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Finally, it is unclear why Sheppard sought to bring this action in the Eastern District of Wisconsin rather than the Western District of Wisconsin. Sheppard explains that the events occurred at New Lisbon Correctional where he is currently incarcerated. Accordingly, Sheppard, the defendants, and the underlying events are all within the Western District, making that district the proper venue for this case. *See* 28 U.S.C. §1391. Sheppard also explains that the "protected activity" that forms the basis of the retaliation claim he wants to bring is a lawsuit that is currently pending in the Western District. Finally, Sheppard notes that he tried to raise his concerns in the Western District case but was told by the judge that he had to file a new case. Sheppard states, "and that is why I am filing this," but, as noted, he does not explain why he filed the case in *this* district rather than the Western District. Given that Sheppard has a related case pending in the Western District, it would conserve state and judicial resources for this case to also proceed in that district. In short, because the Eastern District is not the proper venue for this action, the case could also have been dismissed for that reason. *See* 28 U.S.C. §1406(a).

**IT IS THEREFORE ORDERED** that Sheppard's motion for reconsideration (Dkt. No. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin on November 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
